IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOSEPH CAMARON PEREZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:25-cv-00002** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **TROOPER ERIC BIHEMBO, *et al.*,** | ) | **Magistrate Judge Frensley** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner civil rights case filed by Joseph Camaron Perez, a former inmate of the Rutherford County Work Center in Murfreesboro, Tennessee. (Doc. No. 1). The court previously granted Plaintiff pauper status and assessed the filing fee. (Doc. No. 16).

## I. PLRA SCREENING OF THE SECOND AMENDED COMPLAINT

Plaintiff filed a Second Amended Complaint on November 9, 2025. (Doc. No. 17 at 11). Therein, he abandoned his claims against "The State Trooper's Office." (*Id*. at 2-3). The Second Amended Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. No. 17).

That Plaintiff has been released from jail since filing his Complaint does not alter the court's obligation to screen the complaint pursuant to the Prison Litigation Reform Act. It is the Plaintiff's status at the time of filing that triggers the court's duty to screen the complaint. *See Burley v. Weller*, No. 1:22-cv-628, 2023 WL 21435, at *1 n.1 (W.D. Mich. Jan. 3, 2023) (citing *Olivas v. Nevada ex rel. Dep't of Corr.,* 856 F.3d 1281, 1282 (9th Cir. 2017) ("Because Plaintiff was incarcerated when he initiated this action, the action is subject to preliminary review pursuant in 28 U.S.C. § 1915A."); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 668 n.1 (7th Cir. 2012)

("Prisoner status under the PLRA [Prison Litigation Reform Act] turns on whether the plaintiff was confined when the suit was filed. And in any event, when a district court has authorized a plaintiff to proceed in forma pauperis—as happened in this litigation—the court may screen the complaint on the authority of 28 U.S.C. § 1915(e)(2).")).

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege

and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint**

The allegations of the Second Amended Complaint are assumed true for purposes of the required PLRA screening.

The Second Amended Complaint[1] alleges that, in November 2024, Trooper Eric Bihembo "acted outside the color of the law and with a blatant disregard for the truth . . . ." (Doc. No. 17 at 4). Trooper Bihembo secured criminal charges against Plaintiff for charges Trooper Bihembo knew that Plaintiff did not commit, "thus allowing the county to hold [Plaintiff] in jail under an excessive bond." (*Id*.) Plaintiff seeks four million dollars in damages. (*Id*. at 5).

**C. Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The complaint names as Defendants Tennessee State Trooper Eric Bihembo, the "Tennessee Highway Patrol Office," and the State of Tennessee. Plaintiff sues Trooper Bihembo in his individual and official capacities. (Doc. No. 17 at 2-3).

The court begins with Plaintiff's Section 1983 claims against the State of Tennessee. The State of Tennessee is not a "person" within the meaning of Section 1983. *Will v. Michigan Dep't*

[1] In answer to the prompt on the form complaint, "If the events giving rise to your claim arose outside an institution, describe when and where they arose," Plaintiff wrote, "on separate paper." (Doc. No. 17 at 4). However, Plaintiff did not file any attachments to his Second Amended Complaint. Neither did Plaintiff file any other documents afterwards other than a Motion to Appoint Counsel and Notice of Change of Address, neither of which provided any additional information about his claims.

*of State Police*, 491 U.S. 58, 64, 109 (1989). Thus, Plaintiff's Section 1983 claim cannot stand against the State of Tennessee, and it will be dismissed.

To the extent that Plaintiff intended to sue the Tennessee Highway Patrol by naming the "Tennessee Highway Patrol Office" as a Defendant,[2] the Tennessee Highway Patrol is a division of the Tennessee Department of Safety and Homeland Security and is not a governmental entity subject to suit under Section 1983. *See Robinson v. Tennessee Highway Patrol*, No. 1:16-cv-01296-JDB-egb, 2017 WL 3224390, at *2 n.2 (W.D. Tenn. July 31, 2017). Thus, Plaintiff's Section 1983 claim cannot stand against the Tennessee Highway Patrol either, and that claim will be dismissed.

The court moves next to Plaintiff's claim against Trooper Bihembo in his official capacity. Because "[o]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691 n.55 (1978)), Plaintiff's official capacity claim against Trooper Bihembo is actually brought against his employer, the State of Tennessee. As the court already has discussed, Section 1983 claims against the State of Tennessee cannot stand. This claim, too, must be dismissed.

Finally, Plaintiff alleges a false arrest claim against Trooper Bihembo in his individual capacity under Section 1983. The Fourth Amendment requires a law enforcement official to have probable cause for an arrest. U.S. Const. amend. IV. The probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers']

[2] An office or building is not a "person" for purposes of Section 1983 liability. *See Johnson v. Hamilton County Jail*, No. 1:25-cv-363, 2025 WL 3640386, at *2 (E.D. Tenn. Dec. 16, 2025) (citation omitted). The court, however, must construe pro se allegations liberally. *See Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006).

knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of Olmsted*, 496 F.3d 609, 614-15 (6th Cir. 2007) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The probable cause determination is limited to the "totality of the circumstances" known to the officer at the time of arrest, including all facts known to the officer at the time. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

"When a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)). A facially valid warrant is not always sufficient to merit dismissal of a false arrest claim brought pursuant to Section 1983 when evidence exists that a defendant intentionally misled or intentionally omitted information at a probable cause hearing for an arrest or search warrant if the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Deyton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). In the context of a warrantless arrest, a police officer may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest. *See Gardenhire*, 205 F.3d 303, 328.

Here, there is no information provided concerning why this trooper approached Plaintiff in the first place, what circumstances the trooper encountered upon his arrival on the scene, or whether the trooper arrived with an arrest warrant or obtained one after Plaintiff's arrest. As to this trooper's of mind while arresting Plaintiff, the Second Amended Complaint alleges that the trooper knew Plaintiff had not committed a crime. The Second Amended Complaint further alleges that

the trooper knowingly presented false evidence to a court that resulted in wrongful charges against Plaintiff.

Construing the allegations of the pro se Second Amended Complaint liberally, the court finds that Plaintiff alleges a false arrest claim against Trooper Eric Bihembo in his individual capacity under Section 1983. This claim will proceed for further development of the record.

## II. CONCLUSION

Having conducted the screening of the Second Amended Complaint required by the PRLA, the court finds as follows.

Plaintiff's Section 1983 claims against the State of Tennessee, the "Tennessee Highway Patrol Office," and Trooper Bihembo in his official capacity are **DISMISSED**.

Plaintiff's Section 1983 false arrest claim against Trooper Bihembo in his individual capacity will proceed.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Bihembo. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on Defendant Bihembo. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge